NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**CIGAR KING, LLC,**
*Appellant,*

v.

**CORPORACION HABANOS, S.A. AND EMPRESA CUBANA DEL TABACO (doing business as Cubatabaco),**
*Appellees.*

2013-1531

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in Cancellation No. 92053245.

**ON MOTION**

Before LINN, *Circuit Judge.*

**O R D E R**

Cigar King, LLC appeals from a decision of the Trademark Trial and Appeal Board cancelling two of its trademark registrations in due course. The appellees, which do business under the name Cubatabaco, move to dismiss this appeal. Cigar King opposes the motion.

Cubatabaco contends that this case is now moot in light of the fact that after issuance of the Board's June 13, 2013 decision and filing of its notice of appeal Cigar King missed the deadline to file its 15 U.S.C. § 1058(a) declarations. In support of its motion, Cubatabaco points out that the Patent and Trademark's website lists the registrations as cancelled as of September 20, 2013 with the description "CANCELLED SEC. 8 (6-YR)."

The parties disagree over when the registrations should be deemed actually cancelled. Cubatabaco suggests that the filing of a notice of appeal resulted in the registrations not being cancelled as a result of the Board's decision, and that it was only because of Cigar King's failure to file the section 8(a) affidavit that the registrations were cancelled. *See Appellee's Motion to Dismiss* at pg. 5. In response, Cigar King contends that the registrations here should be deemed cancelled as of the date of the Board's decision. Suggesting that the PTO website listing is merely a "ministerial/clerical action," Cigar King argues that the Board's decision was final prior to the section 8(a) deadline and "once the Board issued its Order cancelling the registrations there are no live trademark registrations which require a Section 8 Affidavit to be filed[.]" *Appellee's Response* at pgs. 3-4.

In light of this dispute and at least some suggestion by other courts that a section 8(a) declaration does not need to be filed if the registration has already been canceled, *see generally Patsy's Italian Rest., Inc. v. Banas*, 2007 WL 3232232, *2 (E.D.N.Y. Oct. 31, 2007), this court deems it the better course to deny the motion and for Cubatabaco to present their jurisdictional arguments for dismissal in their brief.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is denied.

  (2) Appellees' brief is due 30 days from the date of this order.

              FOR THE COURT

              /s/ Daniel E. O'Toole
               Daniel E. O'Toole
               Clerk of Court

s26